IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRANDY FASON                                                              PLAINTIFF

vs.                                    Civil No. 6:15-cv-06096

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Brandy Fason ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff protectively filed her disability applications on June 29, 2010. (Tr. 12). In these applications, Plaintiff alleges being disabled due to scoliosis of the spine, fibromyalgia, and back problems. (Tr. 157). These applications were denied initially and again upon reconsideration. (Tr. 72-75).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted. (Tr. 28-71, 90-97). This hearing was held on December 7, 2011 in Hot Springs, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by counsel, Sherri McDonough. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* During this hearing, Plaintiff testified she was thirty-two (32) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) and 20 C.F.R. § 416.963(c). (Tr. 32). As for her education level, Plaintiff obtained her GED and completed two years of college. *Id.*

On May 22, 2012, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 9-24). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2009. (Tr. 14, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 1, 2005, her alleged onset date. (Tr. 14, Finding 2). The ALJ found Plaintiff had the following severe impairments: levo-scoliosis (curvature of the spine) with fibromyalgia. (Tr. 14, Finding 3). The ALJ also determined Plaintiff's impairment did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-22, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

*Id.*

2

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 22-23, Finding 6). Specifically, the ALJ found Plaintiff retained the capacity to perform the following occupations: (1) cashier II (light, unskilled); (2) waitress (light, semi-skilled); and (3) hotel desk clerk (light, semi-skilled).  *Id.*  Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from her alleged onset date through the date of the ALJ's decision or through May 22, 2012.  (Tr. 23, Finding 7).

Thereafter, on July 17, 2012, Plaintiff requested the review of the Appeals Council.  (Tr. 5-6). On April 26, 2013, the Appeals Council denied this request.  (Tr. 1-3).  Plaintiff then appealed her case to U.S. District Court for the Western District of Arkansas.  (Tr. 388-395).  Upon review of Plaintiff's case, this Court reversed and remanded Plaintiff's case for further review of her treating physician's findings.  *Id.*  After this remand, the SSA then held a second administrative hearing in Plaintiff's case on February 10, 2015 in Hot Springs, Arkansas.  (Tr. 326-381).  At this second hearing, Plaintiff was again represented by Sherri McDonough.  *Id.*  Plaintiff and Vocational Expert ("VE") Mac Welch testified at this hearing.  *Id.*

After this hearing, the ALJ again entered a fully unfavorable decision.  (Tr. 308-321).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2009.  (Tr. 313, Finding 1).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 1, 2005, her alleged onset date.  (Tr. 313, Finding 2).  The ALJ found Plaintiff had the following severe impairments: nonprogressive scoliosis; discogenic disease at L1/2, L2/3, and L3/4; bilateral hallux valgus deformities; and right trochanteric bursitis.  (Tr. 313-314, Finding 3).  The ALJ also again found Plaintiff's impairments did not meet or equal the

requirements of the Listings.  (Tr. 314-315, Finding 4).

In this decision, the ALJ again evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 315-320, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and ten pounds frequently; stand and/or walk six hours in an eight-hour workday; sit for six hours in an eight hour workday; and push and/or pull 20 pounds occasionally and 10 pounds frequently.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ determined Plaintiff retained the capacity to perform her PRW as a computer support analyst, fast food worker, and hotel desk clerk.  (Tr. 320-321, Finding 6).  Because Plaintiff retained the capacity to perform her PRW, the ALJ found she had not been under a disability, as defined by the Act, from February 1, 2005 through the date of his decision or through May 28, 2015.  (Tr. 321, Finding 7).  Thereafter, on September 8, 2015, Plaintiff filed her Complaint in this matter.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 11-12.  This case is now ready for decision.

**2.**   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

5

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff claims the following: (1) the ALJ erred in discrediting the findings of her treating physician; and (2) the ALJ erred in concluding she retains the capacity to perform light work. *Id.* at 1-15. The Court will consider the issues Plaintiff raised.[2]

This case is before this Court for a second time. In the prior action, Plaintiff's case was reversed and remanded for further consideration of the findings of Plaintiff's treating physician:

> Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician, Dr. Rudder. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of these opinions.

*Id.* With the current appeal, Plaintiff's claims the ALJ should have adopted Dr. Rudder's opinions

---

[2] Upon review of both of these claims, however, Plaintiff truly only raises one claim: whether the ALJ erred by failing to adopt the findings from her treating physician from 2011. Thus, the Court will consider this claim and any related issues.

from 2011 and found she is disabled.  ECF No. 11 at 1-15.  It does not appear there is any dispute the ALJ properly developed the record after this first remand.  *Id.*

Notably, after the first remand, the ALJ contacted Dr. Rudder, but Dr. Rudder never responded to the ALJ's requests for additional information.  (Tr. 320).  The record is also clear that Plaintiff had not sought treatment for Dr. Rudder "in approximately three years."  *Id.*  Faced with the fact Dr. Rudder was not responding to requests for additional information, the ALJ sent Plaintiff for a consulting examination with Southern Medical Group, Inc.  (Tr. 502-504).  This examination was performed on March 21, 2015.  *Id.*  During this examination, Dr. John Harris, M.D. diagnosed Plaintiff with scoliosis and fibromyalgia but also found Plaintiff retains the capacity for the following:

> [S]it, walk, and/or stand for a full workday with frequent breaks to stretch/rest.  She should be able to lift/carry objects without limitations.  She can hold a conversation, respond appropriately to questions, carry out and remember instructions.

(Tr. 504).

Plaintiff claims Dr. Harris's reports and findings are not credible because he "never ordered any x-rays" when he examined Plaintiff.  ECF No. 11 at 10.  Thus, Plaintiff claims his results are not accurate and should not be adopted.  *Id.*  Upon review, the Court finds Plaintiff is correct that Dr. Harris did not order x-rays prior to finding Plaintiff was able to work with the limitations stated above.  However, Dr. Harris apparently had a copy of Plaintiff's medical records and also based his findings upon both his examination *and* the medical records (as he calls the records the "objective evidence").  (Tr. 504).  This evidence includes the fact that despite her subjective complaints of disabling pain, Plaintiff had sought no medical treatment for three years or from November 30, 2011 until December 11, 2014.  (Tr. 318).

7

This evidence also includes Plaintiff's extensive daily activities:

> The claimant lives with her significant other and cares for her 10-year-old son and 13-year old nephew.  She helps them with homework, is the den mother of their cub scout troop, watches television, eats out, occasionally drives to Benton for the movies, does laundry, reads of pleasure, workers word search puzzles, walks up to 20 minutes four times per week, does laundry, sweeps and vacuums.  The claimant admitted she could reach overhead and lift fifteen pounds.  She shops daily and walks up to 12-steps to reach her home that is located on a hill.

(Tr. 318).  This evidence also includes the fact there was "no credible evidence of any health care provider restricting the claimant from all work activity." *Id.*  Finally, this evidence includes the fact Plaintiff "stopped working after the birth of her son, and [t]here is no evidence she attempted to find other work, which leads the undersigned to question whether she is motivated to work." *Id.*  Based upon these facts, the Court finds the ALJ's current disability determination is supported by substantial evidence, and there is no basis for reversal in this case.  Notably, in light of these other evidence, the Court cannot find the ALJ was required to adopt the findings of Dr. Rudder from 2011.

**4.**   **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of May 2016.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

8